UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO JOSUE G.A.,[1]

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-02419-TLN-SCR

A# 246-090-958

**ORDER**

This matter is before the Court on Petitioner Francisco Josue G.A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2] (ECF No. 1.) Respondents filed an omnibus motion to dismiss and opposition to the Petition. (ECF No. 6.) Petitioner filed a reply. (ECF No. 10.) For the reasons set forth below, the Petition is DENIED.

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Also before the Court is Respondents' Motion to Lift the "No Transfer Order." (ECF No. 11.) Given the Court's ruling herein, Respondents' motion is moot.

## I. Factual and Procedural Background

This matter arises out of Petitioner's alleged unlawful civil immigration detention. The facts in this case are not disputed. Petitioner first entered the United States in October 2022. (ECF No. 6-1 at 1.) Immigration authorities detained Petitioner, processed him, initiated removal proceedings against him, and released him on his own recognizance into the United States. (*Id.* at 3.) Over the last three years, Petitioner has been working to support his family at a packing house in Stockton, where he often works ten hours a day, six days a week. (ECF No. 10 at 1.) He asserts he complied with immigration requirements, including regular and timely reporting. (ECF No. 10 at 2.) Petitioner has no criminal history. (ECF No. 1 at 6.)

On March 16, 2026, an immigration judge ordered Petitioner removed *in absentia.*[3] (ECF No. 6-3 at 3–4.)

A week later, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner. Petitioner received a call from an ICE agent setting a check-in appointment. (ECF No. 1 at 5; ECF No. 6-2 at 3.) On March 23, 2026 at 8:00 a.m., Petitioner dutifully attended his appointment, filled out the requested forms, and was ushered into an office where he was detained. (ECF No. 1 at 5; ECF No. 6-2 at 3.) Petitioner was "handcuffed head to toe and waist." (ECF No. 1 at 5–6.) Petitioner has been continuously detained at the Mesa Verde Detention Center, where he describes substandard conditions. (*Id.*)

Petitioner moved to reopen his immigration proceedings, but his motion was denied on June 8, 2026. (ECF No. 11-2.) The Court is not aware of any additional appeals or applications for relief.

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on March 30, 2026, alleging his detention without a hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1.) Shortly thereafter, the Court appointed counsel for Petitioner. (ECF Nos. 5, 8.)

---

[3] Petitioner contends he did not know about the hearing (ECF No. 10 at 2), while the immigration court states Petitioner "was provided written notification of the time, date, and location of [his] removal hearing" (ECF No. 6-3 at 3). Regardless, the validity of the removal proceedings is not before this Court.

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner contends his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16.) Respondents contend that Petitioner's detention is lawful and mandatory under 8 U.S.C. § 1231(a)(2) because he is subject to a final order of removal. (ECF No. 6 at 2–3.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693.

However, under 8 U.S.C. § 1231(a), when a noncitizen has been ordered removed, the government is required to remove the noncitizen within the 90-day period after the order becomes final (the "removal period"). 8 U.S.C. § 1231(a)(1)(A), (B). During the removal period, the government is also required to detain the noncitizen to effect such removal. 8 U.S.C. § 1231(a)(2). For an order of removal issued *in absentia*, the removal period begins on the date the order is issued. 8 U.S.C. § 1231(a)(1)(B) ("The removal period begins on . . . [t]he date the order of removal becomes administratively final"); 8 C.F.R. § 1241.1(e) (order of removal becomes final immediately upon entry of an order issued *in absentia*). The Ninth Circuit has made clear

that detention under 8 U.S.C. § 1231(a)(2), which is limited in duration, "passes constitutional scrutiny." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Here, Petitioner was detained within the 90-day removal period and he filed the Petition within the removal period. Petitioner was ordered removed *in absentia* on March 16, 2026 (ECF No. 6-3), which means his order became administratively final on that date, and his removal period began on that date. *See* 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1(e). Petitioner was detained only seven days later on March 23, 2026; he filed the Petition seven days after that on March 30, 2026. (*Id.*) Thus, at the times relevant herein, Petitioner was subject to 8 U.S.C. § 1231(a)(2) and the government was required to detain him.

Because Petitioner was subject to mandatory detention and he filed his Petition within the removal period, he is not entitled to habeas relief at this time. *See Khotesouvan*, 386 F.3d at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions.") (citing 8 U.S.C. § 1231(a)(2)). If Petitioner's detention becomes unreasonably prolonged, Petitioner may file another habeas petition at that time.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;
2. Respondents' Motion to Dismiss (ECF No. 6) and Motion to Lift the "No Transfer Order" (ECF No. 11) is DENIED as moot; and
3. The Clerk of the Court shall enter judgment and close this case.

IT IS SO ORDERED.

Date: July 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE